UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARCELO ANDRES QUAN EUCEDA,

    Plaintiff,

vs.

EL TAQUITO II, CORP.
A Florida Profit Corporation, D/B/A EL TAQUITO
and ANGELICA B. OSORIO, individually,

    Defendants
_____/

## COMPLAINT

Plaintiff MARCELO ANDRES QUAN EUCEDA (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants EL TAQUITO II, CORP. a Florida Profit Corporation D/B/A "EL TAQUITO" (hereinafter "EL TAQUITO") and ANGELICA B. OSORIO, individually (hereinafter "OSORIO") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages, unpaid overtime, and retaliation committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. Plaintiff was employed by Defendants from on or about April 2022, until on or about November 6, 2022, as a server. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. EL TAQUITO is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. EL TAQUITO has its principal place of business in Miami, Florida. EL TAQUITO had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. EL TAQUITO is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, EL TAQUITO operates a restaurant known as "EL TAQUITO" located at 1380 SW 8TH ST MIAMI, FL 33135 where they use goods transported across interstate lines. Plaintiff regularly assisted with the cleaning of the restaurant and serviced customers.

9. At all times material to this Complaint, EL TAQUITO has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

10. EL TAQUITO upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant OSORIO is the owner of corporate Defendant EL TAQUITO and exercised operational control over the activities of, corporate Defendant, EL TAQUITO.

12. Defendant OSORIO, acted directly in the interest of her company, EL TAQUITO. Upon all available information, OSORIO, controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

13. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff worked for Defendants from April 2022 until November 6, 2022. as a server. His primary duties included customer service, clean, and prepare salsas and sauces before the restaurant opened.

17. During the course of his employment Plaintiff worked between 40-46 hours per work week. Plaintiff earned $7.00/hour plus tips which is below the minimum hourly rate for tipped employees in Florida.

18. During the relevant time, Plaintiff spent a substantial amount of time performing non-tipped work, including but not limited to cleaning bathrooms, and organizing tables. However, Defendants claimed a tipped credit for each hour Plaintiff worked regardless of the type of work Plaintiff was performing.

19. Defendants knew that Plaintiff was performing non-tipped work, and that federal law does not allow tip credit to be taken for the time spent in such duties.

20. As a result of these improper pay practices, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Specifically, despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

23. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

24. On or about November 6, 2022, Plaintiff complained to OSORIO about missing pay and not being paid for the overtime. No response was provided. Later that day, Plaintiff was terminated by OSORIO.

25. Plaintiff suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA in that he claimed his right to payment of overtime wages.

26. Any other reason for Plaintiff's termination is merely pretext for Defendants' unlawful termination of Plaintiff.

27. The temporal proximity of Plaintiff's complaints regarding the improper pay and the adverse employment actions taken against him including but not limited to his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

30. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES against EL TAQUITO

31. Plaintiff re-alleges and reaffirms paragraphs 1 through 30 as fully set forth herein.

32. This action is brought by Plaintiff to recover from Defendant EL TAQUITO unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

33. EL TAQUITO has violated the provisions of the FLSA, 29 U.S.C. § 206 and §203(m)(2)(A) by taking a tip credit when tipped employees like Plaintiff performed work that was not part of the tipped occupation.

34. EL TAQUITO also failed and refused to pay Plaintiff the established minimum wage rate for each hour worked.

35. EL TAQUITO knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

36. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

37. By reason of the said intentional, willful and unlawful acts of EL TAQUITO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

39. EL TAQUITO never posted any notice, as required by the Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

40. As a result, EL TAQUITO'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

41. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from EL TAQUITO.

WHEREFORE, Plaintiff respectfully prays for the following relief against EL TAQUITO:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against EL TAQUITO

42. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

43. This action is brought by Plaintiff to recover from Defendant EL TAQUITO unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

44. Since the commencement of Plaintiff's employment EL TAQUITO has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees engaged in commerce working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

45. Specifically, throughout his employment, Plaintiff regularly worked over forty (40) hours during some of the workweeks in which he was employed. However, he was not compensated at time and half the applicable rate.

46. EL TAQUITO is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). EL TAQUITO'S business activities involve those to which the Fair Labor Standards Act applies.

47. Specifically, EL TAQUITO was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). EL TAQUITO'S business activities involve those to which the Fair Labor Standards Act applies.

48. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as taking orders, charging customers, and cleaning the tables, and did not have decision-making authority.

49. EL TAQUITO has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

50. By reason of the said intentional, willful, and unlawful acts of EL TAQUITO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

51. Plaintiff seeks to recover for unpaid wages accumulated within his employment.

52. As a result of EL TAQUITO'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

53. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from EL TAQUITO.

WHEREFORE, Plaintiff respectfully prays for the following relief against EL TAQUITO:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF FLSA/MIMIMUM WAGES against OSORIO**

54. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

55. At the times mentioned, Defendant OSORIO was, and is now, a corporate manager of corporate Defendant EL TAQUITO.

56. OSORIO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant EL TAQUITO in relation to its employees including Plaintiff.

57. Specifically, OSORIO decided the pay for EL TAQUITO's employees and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

58. Defendant OSORIO is the owner, and exercised operational control over the activities of, corporate Defendant EL TAQUITO.

59. OSORIO had operational control of the business and is thus jointly liable for Plaintiff's damages.

60. Defendant OSORIO willfully and intentionally refused to properly pay Plaintiff at least the applicable minimum wage for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant OSORIO:

A. Adjudge and decree that Defendant OSORIO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/OVERTIME against OSORIO

61. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

62. At the times mentioned, Defendant OSORIO was, and is now, a corporate officer of corporate Defendant, EL TAQUITO.

63. OSORIO was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that OSORIO acted directly in the interests of EL TAQUITO in relation to its employees including Plaintiff.

64. Specifically, OSORIO is the owner of the corporation. OSORIO decided the pay for EL TAQUITO's employees and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

65. OSORIO had operational control of the business and is thus jointly liable for Plaintiff's damages.

66. Defendant OSORIO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff

these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

67. By reason of the said intentional, willful and unlawful acts of OSORIO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

68. As a result of OSORIO'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant OSORIO:

   A. Adjudge and decree that OSORIO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## FLSA RETALIATION against EL TAQUITO

70. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

71. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

72. On or about November 6, 2022, as a direct result of Plaintiff's complaints for improper pay practices Plaintiff was terminated by OSORIO.

73. The conduct of EL TAQUITO, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

74. EL TAQUITO's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

75. EL TAQUITO conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

76. Plaintiff, based on information and belief, alleges that EL TAQUITO 's reason for termination (if any) is pretextual.

77. If, however, the reason(s) proffered by EL TAQUITO are found to be with merit, Plaintiff's complaints of improper pay, were a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant EL TAQUITO:

　A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

　B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

　C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## FLSA RETALIATION against OSORIO

78. Plaintiff realleges and re-adopts every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

79. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

80. OSORIO'S conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

81. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's complaints for proper payment of his earned wages.

82. OSORIO's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant OSORIO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MARCELO ANDRES QUAN EUCEDA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 6, 2023

**PEREGONZA THE ATTORNEYS, PLLC**

5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com